<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Luz Ramirez Taborda,

*Petitioner*,

v.

Pamela Bondi, *et al.*,

*Respondents*.

Civil Action No. 26-cv-03761

**ORDER**

April 10, 2026

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Luz Ramirez Taborda ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued immigration detention (ECF No. 1); and

**WHEREAS**, Petitioner contends that Respondents are unlawfully detaining her without the possibility of bond pursuant to a categorical determination of ineligibility under 8 U.S.C. § 1225(b), thereby depriving her of any opportunity for a custody redetermination (ECF No. 1 ¶¶ 27-30); and

**WHEREAS**, Petitioner is a citizen of Colombia who has resided continuously in the United States for approximately twenty-five years (*id*. ¶¶ 2, 14); and

**WHEREAS**, Petitioner has a United States citizen daughter who has filed a Form I-130, Petition for Alien Relative, on Petitioner's behalf, which remains pending (*id.* ¶¶ 3, 14, 21); and

**WHEREAS**, Petitioner has a Master Calendar Hearing scheduled for April 21, 2026, at 9:30 a.m., before an Immigration Judge to adjudicate the pendency of her removal proceedings (*id.* ¶ 24); and

**WHEREAS**, Petitioner was arrested by the Department of Homeland Security and has remained detained at Delaney Hall Detention Facility in Newark, New Jersey (*see id.* ¶ 1, 7);

**WHEREAS**, Petitioner represents that she has no criminal history and has demonstrated a consistent record of civic compliance and good moral character throughout her residency in the United States (*see id*. ¶¶ 14, 22); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1) and resolves the matter on the present record; and

**WHEREAS**, it appears to the Court, at a minimum, that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, _____ F. Supp. 3d _____, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel,* 2025 WL 3218243 (ECF No. 11-1) (collecting cases); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar

transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"). The Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning"); therefore

**IT IS,** on this 10th day of April 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner **WITHIN 24 HOURS** of this Order, under the same conditions that existed prior to his detention; and it is further

3

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to her; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

*Karen M. Williams*
—————————————————
**Hon. Karen M. Williams,
United States District Judge**

4